JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED TRUE COPY

OCT 1 8 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED-CLERK
U.S. DISTRICT COURT   OCT 1 8 2005

05 OCT 24  PM 1: 19      FILED
                        CLERK'S OFFICE
TX EASTERN-MARSHALL

*RELEASED FOR PUBLICATION*

DOCKET NO. 1707
BY

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION PATENT LITIGATION

*Intel Corp. et al. v. Commonwealth Scientific and Industrial Research Organisation*, N.D. California, C.A. No. 3:05-1886

*Microsoft Corp. et al. v. Commonwealth Scientific and Industrial Research Organisation*, N.D. California, C.A. No. 4:05-1894

*Commonwealth Scientific and Industrial Research Organisation v. Buffalo Technology (USA), Inc., et al.*, E.D. Texas, C.A. No. 2:05-53

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation consists of two actions pending in the Northern District of California and one action pending in the Eastern District of Texas. Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, for centralization of all actions in the Northern District of California. Movants are i) the two plaintiffs in one of the California actions, Intel Corp. and Dell, Inc., and ii) one of the plaintiffs in the second California action, Hewlett-Packard Co. The remaining California plaintiffs and the defendants in the Texas action support the motion. Opposed to transfer is Commonwealth Scientific and Industrial Research Organisation, which is the plaintiff in the Texas action and the defendant in the two California actions.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. This docket consists of only three actions pending before just two judges in two districts. Movants have failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978). *See also Manual for Complex Litigation, Fourth* § 20.14 (2004).

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman